**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

Terrance Morris and Darnieshia Morris,

Plaintiffs,

v.

City of Rockford, Kenneth Farmer, J. Carder, B. Esparza, City of Rockford Police Department, Dustin Wolf, Feryn Wolf, Pop Warner Sports League, and the Rockford Renegades,

Defendants.

Case No. 3:20-cv-50384

Honorable Iain D. Johnston

**MEMORANDUM OPINION AND ORDER**

This case stems from an oft-publicized youth football game in which members of the coaching staffs and parents of the players began fighting. The fighting devolved further, and the Rockford Police Department responded. One of the coaches, Terrance Morris, was eventually arrested and charged with unlawful use of a weapon and mob action, among other charges. Dkt. 39, ¶ 7. He explains that those charges resulted in his favor. Terrance and Darnieshia Morris ("the Morrises") now bring this action against the City of Rockford, the Rockford Police Department, the Rockford Renegades, two police officers, two coaches, and the Pop Warner Sports League ("Pop Warner"). The only claim the Morrises bring against Pop Warner is negligence. *Id.* ¶¶ 45–53 (Count VI). Pop Warner now moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons explained below, that motion [48] is granted.

Under Rule 8, the plaintiff must have alleged facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This means that a plaintiff's well-pleaded factual allegations must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 566 U.S. 622, 678 (2009). The Court accepts as true all the plaintiff's well-pleaded allegations and views them in the light most favorable to the plaintiff. *Landmark Am. Ins. Co. v. Deerfield Constr., Inc.*, 933 F.3d 806, 809 (7th Cir. 2019). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545. "But the proper question to ask is still '*could* these things have happened, not *did* they happen.'" *Carlson v. CSX Transp. Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010) (emphasis in original)). The movant bears the burden to show entitlement to dismissal. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020).

Pop Warner explains it does not organize and operate youth sports leagues. It "only propagates a common set of rules and regulations, and then local charters create independent, self-regulated youth sports associations (essentially a franchisor-franchisee relationship)." Dkt. 49, at 2. Thus, Pop Warner contends that the Morrises' have failed to state a claim because they have not plausibility alleged that Pop Warner had a duty of care. Even if they sufficiently alleged that duty, Pop Warner contends that the Morrises' have not alleged that any breach of that duty proximately caused the alleged harm. *Id.* at 7. Because the Morrises never

responded to the motion, however, Pop Warner's sole argument in reply is that the Morrises have waived any argument in response and have thus abandoned the claim.

Because the Morrises' actions evidence abandonment of their claim against Pop Warner, the Court will not consider the merits of that claim. Pop Warner filed the pending motion to dismiss on April 26, 2021. Two days later, the Court set a briefing schedule and ordered the Morrises to respond by May 28, 2021, giving them more than a month. Dkt. 50. More than six months have passed since Pop Warner filed its motion, but the Morrises have still never responded to it. Nevertheless, they have continued litigating this case. On May 3, 2021, shortly after the motion was filed, the Morrises filed a status report, written and signed by their counsel, that expressly recognized the existence of the motion to dismiss. Dkt. 51, at 3. On June 2, 2021, seeing no response brief, Pop Warner filed a reply, in which it argued that the Morrises' failure to respond constituted waiver. Dkt. 54. Notwithstanding that Pop Warner put the waiver argument on the table, the Morrises still ignored the pending motion. On July 9, 2021, they filed another status report. Their counsel again signed it, and it again expressly recognized the pending motion to dismiss from Pop Warner. Dkt. 58, at 3. The same is true of the latest joint status report filed on August 16, 2021; it was again signed by counsel for the Morrises and again expressly recognized the pending motion. Dkt. 62, at 3.

Pop Warner is correct that a failure to respond acts as a waiver in some circumstances, but the Seventh Circuit has recently explained that it is not

automatic. In *Marcure v. Lynn*, 992 F.3d 625 (7th Cir. 2021), the plaintiff had failed to sign the response to a motion to dismiss. The district court struck the response under Rule 11(a) and then granted the motion as unopposed based on a local rule in that district. *Id.* at 628. The Seventh Circuit reversed on that point and held that a local rule cannot override the federal rules of civil procedure. *Id.* at 632. In doing so, the court clarified that actions cannot be dismissed solely because a Rule 12(b)(6) motion is unopposed. *Id.* at 627. Instead, at least three grounds exist to dismiss an action due to a late response: (1) the plaintiff has evidenced an intent to abandon the suit, (2) for failure to prosecute, or (3) the dismissal is a sanction for the plaintiff's inaction.[1] *Id.* at 631 (quoting *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000)). Here, the Morrises have evidenced abandonment of their claim against Pop Warner. In the joint status reports, dkts. 51, 58, 62, they recognize the pending motion to dismiss. Even with that recognition, and after being given plenty time to respond, they chose not to. Pop Warner filed the motion more than six months ago. Ignoring a motion for six months—while continuing to litigate other matters on the docket—does not evidence a mistake; it is not a matter of overlooking counsel's calendar. It evidences a conscious decision to abandon the claim.

Furthermore, the Morrises' inaction justifies dismissal of the claim against Pop Warner for want of prosecution under Federal Rule of Civil Procedure 41(b). In *Nelson v. Schultz*, the Seventh Circuit explained that in dismissing a claim under

[1] To clarify, however, the court did not expressly say that these are the *only* three possible grounds. And the Seventh Circuit's decision in *Bolt v. Loy* likewise did not suggest that. Rather, that opinion noted, "We can think of three possible grounds . . . ." *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000).

Rule 41(b), the district court should assess whether the plaintiff's "neglect in pursuing his case was sufficiently serious to warrant dismissal." 878 F.3d 236, 239 (7th Cir. 2017) (quoting *McInnis v. Duncan*, 697 F.3d 661, 664 (7th Cir. 2012)). There, the judge dismissed the case for a failure to cooperate in discovery and for a pattern of dilatory conduct. *Id.* Here, the Morrises have failed to prosecute their claim against Pop Warner. They have had six months to do so, they have recognized the motion to dismiss, and they have failed to make any effort whatsoever to respond, even though they have otherwise continued to litigate their claims against the other defendants. Given the posture of this case, with the pending motion to dismiss, the only just penalty for such a want of prosecution is a ruling in Pop Warner's favor.

For the foregoing reasons, Pop Warner's motion to dismiss [48] is granted. The Court dismisses the claim against it with prejudice. The interests of justice are not benefited by rewarding plaintiffs that fail to litigate a motion. The Morrises failed to respond, even if only to stipulate to dismissal and request another opportunity to amend. Thus, Pop Warner is dismissed from this action with prejudice.

Date: November 3, 2021

Honorable Iain D. Johnston
United States District Judge