IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Terrance and Darnieshia Morris, <br><br> Plaintiffs, <br><br> v. <br><br> City of Rockford, a Municipal Corporation, Officers Kenneth Farmer, Melissa Sundly, Daniel Kutz, Corey Roser, and Rose Schiro individually and as agents or servants of the City of Rockford Police Department, <br><br> Defendants. | Case No. 3:20-cv-50384 <br><br> Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Terrance Morris and Darnieshia Morris[1] allege that the City of Rockford and Officers Kenneth Farmer, Daniel Kutz, Corey Roser, Rose Schiro, and Melissa Sundly violated Mr. Morris' constitutional rights and engaged in misconduct under state law during the arrest and subsequent prosecution of Mr. Morris. Second Amended Complaint ("SAC"), Dkt. 85, ¶ 7. The only defendants named in the Second Amended Complaint who were also named in the original complaint are the City of Rockford and Officer Farmer. Compl., Dkt. 1.

The defendants first named in the SAC, Officers Kutz, Roser, Schiro and Sundly ("New Defendants"), moved to dismiss the claims against them as being

---

[1] At this time, the Court need not address what standing Mrs. Morris has to assert claims based on the incident involving Mr. Morris. Any Third Amended Complaint should allege sufficient facts to plausibly suggest that she has standing to assert whatever claims she may allege.

1

untimely, while the City of Rockford moves to dismiss the federal claims against it for failure to state a claim under *Monell v. Dept of Soc. Servs. Of City of New York*, 436 U.S. 658 (1978), and the state law claims against it as being untimely. Dkt. 90.

After having reviewed Defendants' Motion to Dismiss [90], Plaintiffs' Response [97], and Defendants' Reply [98], the Court grants Defendants' request to dismiss as untimely Plaintiffs' claims against New Defendants (Counts I–VI and XIII–XXX) and Plaintiffs' § 1983 and due process claims against Rockford (XXXI–XXXII). Officer Farmer's motion to dismiss the intentional infliction of emotional distress claim (Count XI) is denied. Lastly, the Court denies Defendants' motion to dismiss the conspiracy, malicious prosecution, and intentional infliction of emotional distress claims against Rockford (Counts XXXIII–XXXV).

## BACKGROUND

Following a confrontation at a youth football game on October 6, 2018, Mr. Morris was arrested and subsequently charged with "unlawful use of weapons, mob actions, and other charges." SAC, Dkt. 85, ¶ 7. Because of the charges, Mr. Morris "was jailed" for an unspecified period. *Id.* at ¶ 18. At some point before October 5, 2020, "all the judicial proceedings were terminated . . . in a manner indicative of [Mr. Morris'] innocence" and Mr. Morris was "exonerated of all criminal charges."[2] *Id.* at ¶¶ 20, 37.

---

[2] Plaintiffs filed their original Complaint on October 5, 2020. Compl., Dkt. 1. The original Complaint includes the very same assertions concerning the termination of the judicial proceedings and Mr. Morris' exoneration. *Id.* at ¶¶ 7, 36. Thus, these events must have occurred before the filing of the original Complaint on October 5, 2020.

Two years later, on October 5, 2020, Plaintiffs sued a variety of defendants, including Rockford and the arresting officers: "J." Carder, "B." Esparza, and Kenneth Farmer. Compl., Dkt. 1, ¶ 7. Plaintiffs alleged that Officers Carder, Esparza, and Farmer violated Mr. Morris' constitutional rights and asserted additional claims of malicious prosecution, conspiracy, intentional infliction of emotional distress, and false arrest/unlawful detention. *See id.* at ¶¶ 21–44. That Complaint did not specify what claims Plaintiffs were asserting against Rockford.

After amending the original Complaint, Plaintiffs sought and were granted leave to file a second amended complaint [Dkts. 39, 84], which they did on May 20, 2022. SAC, Dkt. 85. Curiously, and without explanation, the SAC drops any mention of Officers Carder and Esparza, and instead identifies the arresting officers as being Farmer and New Defendants. *Id.* at ¶ 7.

The blunderbuss SAC alleges a host of claims against Officer Farmer and New Defendants: § 1983 false arrest; § 1983 unlawful detention; § 1983 failure to intervene; violation of due process; conspiracy; malicious prosecution; and intentional infliction of emotional distress. *Id.* at ¶¶ 22–175.[3] The SAC also alleges almost all the same claims against Rockford: § 1983 false arrest; § 1983 unlawful detention; violation of due process; conspiracy; malicious prosecution; and intentional infliction of emotional distress. *Id.* at ¶¶ 176–99.

---

[3] When a party pleads a cornucopia of claims or defenses or a party makes a plethora of arguments in briefs, the reader can be left with the impression that none are particularly compelling. *See Atkins v. City of Chicago*, 631 F.3d 823, 833 (7th Cir. 2011) (Hamilton, J., concurring).

On June 7, 2022, Defendants moved to dismiss all claims against Rockford and New Defendants and moved to dismiss the intentional infliction of emotional distress claim against Officer Farmer. Dkt. 90. Rockford argues that Plaintiffs' § 1983 allegations against it have failed to state a claim from which relief can be granted and the remaining claims against it are untimely. *Id.* at 3–5, 9–10. New Defendants argue that all claims against them are untimely. *Id.* at 3–9. The motion to dismiss has been fully briefed.

## ANALYSIS

Federal Rule of Civil Procedure 8 requires that a plaintiff's complaint need only allege a short and plain statement establishing the basis for the claim and the Court's jurisdiction, as well as prayer for the relief sought. Fed. R. Civ. P. 8(a). According to the Supreme Court, this means that the complaint's factual allegations, rather than any legal conclusions, must raise the plausible inference that the defendant is liable for the misconduct complained of. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Because a motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint's allegations, the Court is typically limited to reviewing the complaint's factual allegations. Indeed, the defendant, as the moving party, bears the burden of establishing that the complaint's allegations, taken as true, are insufficient. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

Whether a complaint is "sufficient" under Rule 12(b)(6) and whether a defendant can prevail on affirmative defenses are separate and distinct questions. On one hand, a complaint must satisfy the pleading standards under Rule 8. Fed. R. Civ.

4

P. 8(a). On the other hand, a complaint "need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). "As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial)." *Sidney Hillman Health Ctr. of Rochester v. Abbot Labs, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). Still, though, dismissal is appropriate when "the complaint alleges facts sufficient to establish that the suit is indeed tardy." *Amin Ijbara Equity Corp. v. Village of Oak Town*, 860 F.3d 489, 492 (7th Cir. 2017). In other words, the district court may grant dismissal under Rule 12(b)(6) when a plaintiff alleges claims that are "indisputably time-barred." *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005).

"Statutes of limitations establish the period of time within which a claimant must bring an action." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 105 (2013). In certain instances, however, a statute of limitations is not the be-all and end-all. If a plaintiff files a timely original complaint, and then, after the statute of limitations has expired, files an amended complaint with new claims or new defendants, the amended complaint may still be timely if it "relates back" to the original complaint under Federal Rule of Civil Procedure 15(c). A timeliness inquiry, therefore, is two-fold. First, a court must determine whether the statute of limitations for a plaintiff's claims in an amended complaint has expired. Then, if the statute of limitations has expired, the court must determine whether the claims in the amended complaint relate back to the original complaint.

5

The Court addresses each of Defendants' arguments in turn.

## I. Plaintiffs' Federal Claims against Rockford Fail under Rule 12(b)(6)

Municipal liability exists under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 694. This requirement "distinguish[es] acts of the *municipality* from acts of *employees* of the municipality, and thereby makes clear that municipal liability is limited to actions for which the municipality is actually responsible." *Estate of Sims v. Cty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007) (citation omitted).

Consistent with these parameters, the Seventh Circuit recognizes three bases for municipal liability under § 1983. *Id.* Such liability can arise when any of the following exist: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id.* Conduct must occur more than once for it to be a "custom or practice." *See Cosby v. Ward*, 843 F.2d 967, 983 (7th Cir. 1988) ("There is no clear consensus among the courts as to what level of frequency of the challenged conduct evidences a custom, except that it must be more than one instance.").

Plaintiffs fail to allege any "express policy," "widespread practice," or "person with final policymaking authority" that caused Plaintiffs' injury. *Estate of Sims*, 506 F.3d at 515. What's more, Plaintiffs allege only one random episode of misconduct—

6

nothing more. SAC, Dkt. 85, ¶ 7. Even under the liberal pleading standards of Rule 12(b)(6), Plaintiffs' claims against Rockford are insufficient. *Estate of Sims*, 506 F.3d at 515.

As for Plaintiffs' stand-alone "due process" claim against Rockford, "violations of due process are in most instances federal claims based on federal rights and are actionable under § 1983." *Armstrong v. Daily*, 786 F.3d 529, 542 (7th Cir. 2015); *see also Ballard v. Watson*, No. 16 CV 977, 2016 U.S. Dist. LEXIS 78933, at *6 (N.D. Ill. June 17, 2016) (construing a complaint alleging a "due process" violation without specifically alleging a § 1983 violation as a complaint alleging a federal due process violation under § 1983). Thus, Plaintiffs' due process claim against Rockford fails for the same reasons as Plaintiffs' § 1983 claims against Rockford.

Because Plaintiffs' due process and § 1983 claims against Rockford fail to state a claim for which relief could be granted, Counts XXXI and XXXII are dismissed.

## II. Plaintiffs' Claims against New Defendants are Untimely

New Defendants argue that all the claims first asserted against them in the Second Amended Complaint filed May 20, 2022, are untimely. The statute of limitations begins to run when a claim accrues. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990). In Illinois, claims arising under § 1983 face a two-year statute of limitations. *Herrera v. Cleveland*, 8 F.4th 493, 494 (7th Cir. 2021). "Illinois local governmental entities and their employees, however, benefit from a one-year statute of limitations for 'civil actions' against them." *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (citing 745 Ill. Comp. Stat. 10/8–101). Thus, "[w]hile the two-

7

year period still applies to § 1983 claims against such defendants, the one-year period applies to state-law claims that are joined with a § 1983 claim." *Id.* (internal citations omitted).

Plaintiffs allege claims under § 1983 for "false arrest/unlawful detention" and "failure to intervene" during the arrest. *See* SAC, Dkt. 85. When a count alleges "false arrest/unlawful detention," it is reasonable to conclude that the count is referring to the circumstances involving the initial detention and full arrest. *See, e.g., Cuevas v. Hernandez*, No. 19 CV 8347, 2021 U.S. Dist. LEXIS 57429, at *6–7 (N.D. Ill. Mar. 26, 2021); *Ragland v. City of Chicago*, No. 06 C 738, 2006 WL 8460521, at *1–2 (N.D. Ill. May 1, 2016); *Osideko v. City of Evanston*, No. 08 C 5437, 2009 WL 10740469, at *2–3 (N.D. Ill. Jul. 15, 2009).[4]

A claim for false arrest accrues at the time of arrest. *Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 897 (7th Cir. 2001). A claim for failure to intervene during an arrest also accrues on the date of the arrest. *See Rosado v. Gonzalez*, 832 F.3d 714, 718 (7th Cir. 2016) (holding that when an underlying constitutional claim is time-barred, so too is the derivative claim of failure to intervene). Mr. Morris was arrested on October 6, 2018, and New Defendants contend, and the Court agrees, that Plaintiffs had two years from that date to file their § 1983 claims arising from the arrest.

---

[4] Plaintiffs are reminded that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." Fed. R. Civ. P. 10(b).

8

As for Plaintiffs' stand-alone due process claims, a plaintiff cannot avail himself of § 1983's two-year statute of limitations by "by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment." *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003); *see Alexander v. McKinney*, 692 F.3d 553, 558 (7th Cir. 2012) (A plaintiff "cannot recast his untimely Fourth Amendment claim, thereby circumventing the statute of limitations, by combining it with a state law malicious prosecution claim and simply changing the label of the claim to substantive due process"). Plaintiffs seek to do just that. Plaintiffs allege that Defendants had "manipulat[ed] and/or tamper[ed] with witness statements and identification procedures, provid[ed] false testimony and [withheld] material and exculpatory evidence from prosecutors," and, because of their conduct, "various charges" were "pursued." SAC, Dkt. 85, ¶¶ 27, 57, 91, 121, 151, 181. Plaintiffs' allegations are a thinly veiled state law malicious prosecution claim and so faced a one-year statute of limitations. Consequently, the "due process" claims accrued, at latest, on October 5, 2020, and the statute of limitations passed one year later, on October 5, 2021. *See supra* at 2 n.2.

Turning to Plaintiffs' remaining state-law claims, a claim for malicious prosecution accrues when the criminal proceeding at issue is terminated in favor of the plaintiff. *Sneed v. Rybicki*, 146 F.3d 478, 481 (7th Cir. 1998). Claims for conspiracy are "governed by the statute of limitations for the underlying tort." *Simon v. Northwestern Univ.*, 183 F. Supp. 3d 908, 919–20 (N.D. Ill. 2016) (citation omitted).

9

Claims for intentional infliction of emotional accrue "at the time the last injurious act occur[ed]" or when the conduct abated. *Walden v. City of Chicago*, 755 F. Supp. 2d 942, 961 (N.D. Ill. 2010). Although the SAC does not specify which acts gave rise to the claims for intentional infliction of emotional distress, any injurious conduct must have abated, at latest, by the time Mr. Morris was exonerated and when the criminal proceedings against him terminated. Thus, Plaintiffs' claims for malicious prosecution, conspiracy, and intentional infliction of emotional distress accrued by October 5, 2020, and the statute of limitations passed one year later, on October 5, 2021. *See supra* at 2 n.2.

Plaintiffs first filed their claims against New Defendants in the SAC long after the statute of limitations for their claims passed, and Plaintiffs spill no ink arguing otherwise. Instead, Plaintiffs hang their hats on the "relation back" doctrine. The relation back doctrine balances "the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on the merits." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 550 (2010). Under Rule 15(c), an amended complaint that amends the "naming of the party against whom a claim is asserted" relates back to an earlier complaint if (1) "the claim[s] being asserted against the new defendant[s] arise out of the 'conduct, transaction, or occurrence' as alleged in the original complaint"; (2) the new defendants "received notice of the claims" in the original complaint within 90 days of the original complaint being filed, "so that the defendant is not prejudiced in maintaining a defense"; and (3), the new

10

defendants "knew or should have known" that they would have been named in the original complaint "but for a mistake concerning the identity of the proper party." Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 15(c)(1)(C); *Olech v. Village of Willowbrook*, 138 F. Supp. 2d 1036, 1041 (N.D. Ill. 2000). If an amended complaint relates back to the original complaint, the amended complaint is treated as if it were filed on the date of the original complaint. *See* Fed. R. Civ. P. 15(c).

As for the first requirement, there is no dispute that the SAC arises from the same "conduct, transaction, or occurrence" as described in the original Complaint. Fed. R. Civ. P. 15(c)(1)(B).

Turning to the second requirement, Defendants argue that "there is no reason to believe that New Defendants even knew about the original complaint." Dkt. 90, at 7. Plaintiffs, in response, speculates that "[t]hese defendants in this lawsuit having read the original Complaint and are able to glean, deduce, and surmise from reading the original Complaint that the new allegations appeared in the original even though they didn't at the time it was filed [sic]." Dkt. 97, at 5. Plaintiffs also speculates that Defendants were on notice of the original Complaint because "[n]otice can be imputed when a prospective defendant shares an identity of interest with a named defendant or when a prospective defendant and a named defendant share counsel." *Id.* at 6. Lastly, Plaintiffs argue that "[s]ince the defendant [sic] 26 (a) disclosure lists the new defendants this lends strong support to Plaintiff that the defendants' motion to dismiss the second amended complaint should be denied under the 'identity of interest' cases." *Id.* at 7.

11

Plaintiffs' arguments are unavailing. Plaintiffs do not allege when the Defendants read the original Complaint. *See id.* at 5. Without that date, Plaintiffs have failed to plausibly suggest that the Defendants received notice of the original Complaint within 90 days of it being filed. What's more, the mere fact that the Officers were serving on the "same police force and represented by the same counsel is insufficient to establish an identity of interest sufficient to impute notice." *Jones v. Wysinger*, 815 F. Supp. 1127, 1130 (N.D. Ill 1993) (citing *Wood v. Worachek*, 618 F.2d 1225 (7th Cir. 1980)). And, finally, Plaintiffs' one-liner suggesting that being listed in a Rule 26(a) disclosure supports a finding of an identity of interest is unclear and undeveloped. Dkt. 97, at 7. A one-sentence "argument" that cites no legal authority is not a legal argument. It is perfunctory, and the Court will not consider it. *See Berkowitz*, 927 F.2d 1376, 1383 (7th Cir. 1991); *Martinez v. Colvin*, 12 CV 50016, 2014 U.S. Dist. LEXIS 41754, at *26–27 (N.D. Ill. Mar. 28, 2014). Because Plaintiffs' have not plausibly suggested that Defendants were on notice of the original Complaint, the Court need not address whether Defendants would be prejudiced by defending the claims on the merits.

As for the third and final step, Plaintiffs identify no mistake under Rule 15(c)(1)(C)(ii). Alone, this failure is fatal. A mistake concerning identity, of course, requires a mistake. Indeed, "knowledge of a mistake presupposes the existence of a mistake." *McMurty v. Wexford Health Sources Inc.*, No. 18 CV 02176, 2021 U.S. Dist. LEXIS 58748, at *33 (N.D. Ill. Mar. 26, 2021). "If there was no mistake, there was no way for a defendant to know about the mistake." *Id.* at *33–34. It follows that "[t]he

12

absence of a mistake compels the absence of relation back." *Id.* at \*34; *see Herrera*, 8 F.4th at 499 (holding that the relation back doctrine cannot apply without a mistake).

Plaintiffs do not argue that they made a mistake in the original Complaint. Rather, Plaintiffs state only that they sought leave to amend because of "information obtained during the depositions of Terrance and Darniesha [sic] Morris." Dkt. 80, ¶ 1. It remains entirely unclear what "information" Plaintiffs obtained during those depositions. *See Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 804-05 (7th Cir. 2008) (affirming dismissal of complaint on statute of limitations grounds when complaint and brief were silent of facts that could have been easily presented to refute the defense). It also remains unclear why Plaintiffs discovered new information about the case during their own depositions. Frankly, Plaintiffs' argument is nonsense. Information does not suddenly materialize in parties' brains when they are deposed. If attorneys are truly learning information for the first time when their clients are being deposed, then shame on counsel, the clients, or both. Nevertheless, without explaining some "error, misconception, misunderstanding or erroneous belief" as to the proper party's identity, *Herrera*, 8 F.4th at 498, or even an error caused by a typo, *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 560 (7th Cir. 2011), Plaintiffs have failed to identify any basis under which the remaining claims against New Defendants relate back to the original Complaint.

Because Plaintiffs' claims against New Defendants were filed outside the applicable statute of limitations period, and because the claims against New

13

Defendants do not relate back to any earlier timely allegations, the motion to dismiss the claims against New Defendants (Counts I–VI and XIII–XXX) is granted.

### III. Defendants' Request to Dismiss the Intentional Infliction of Emotional Distress claim against Officer Farmer is Denied

In one sentence in the "Introduction" portion of their motion to dismiss, Defendants assert that the intentional infliction of emotional distress claim against Officer Farmer is untimely and seek its dismissal. Dkt. 90, at 2. However, nowhere do Defendants argue *why* the intentional infliction of emotional distress claim *against Officer Farmer* is untimely. Again, the Court will not consider a perfunctory and undeveloped argument. *See Berkowitz*, 927 F.2d at 1383. Additionally, Officer Farmer answered the original Complaint, which included an intentional infliction of emotional distress claim against him, without asserting a timeliness defense. Dkt. 10. Thus, Defendants' request to dismiss the intentional infliction of emotional distress claim against Officer Farmer (Count XI) is denied.

### IV. The State-Law Claims against Rockford are Not "Indisputably Time-Barred"

When an amended complaint adds claims against a pre-existing defendant, the new claims relate back to the date of the original complaint when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); *Bularz v. Prudential Ins. Co of Am.*, 93 F.3d 372, 379 (7th Cir. 1996). There is no dispute that the claims against Rockford in the SAC arise from the same "conduct, transaction, or occurrence" as those in the original Complaint.

For that reason, Plaintiffs' state-law claims against Rockford can be treated as if they were filed on the date of the original Complaint: October 5, 2020. Dkt. 1; Fed. R. Civ. P. 15(c). And because all we know is that the claims for conspiracy, malicious prosecution, and intentional infliction of emotional distress accrued some time on or before October 5, 2020, *see supra* at 2 n.2, the Court cannot determine whether the claims were timely when they were filed on October 5, 2020. On the current limited record in this Rule 12(b)(6) motion to dismiss, the Court cannot determine whether the claims against Rockford are "indisputably time-barred." *Small*, 398 F.3d at 898. Nevertheless, as the case proceeds, Plaintiffs are reminded of two principles. First, the effects of an injury do not toll the statute of limitations under a continuing violation theory. *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 85 (Ill. 2003). Second, counsel and parties are subject to Rule 11 sanctions when they continue to litigate claims that they reasonably know are no longer viable. *Noe v. Interstate Brands, Co.*, 188 F.R.D. 513, 515 (S.D. Ind. 1999); Fed. R. Civ. P. 11 1993 Amendment Advisory Committee Notes.

Accordingly, Defendants request to dismiss the conspiracy, malicious prosecution, and intentional infliction of emotional distress claims against Rockford (Counts XXXIII–XXXV) is denied without prejudice for Defendants to raise this defense through a summary judgment motion, assuming Plaintiffs continue to litigate these claims in the face of this defense.

## CONCLUSION

For the reasons given, the Court grants Defendants' request to dismiss Plaintiffs' claims against New Defendants (Counts I–VI and XIII–XXX) and Plaintiffs' § 1983 and due process claims against Rockford (XXXI–XXXII). The Court denies Defendants' request to dismiss the intentional infliction of emotional distress claim against Officer Farmer (Count XI) and Defendants' request to dismiss the conspiracy, malicious prosecution, and intentional infliction of emotional distress claims against Rockford (Counts XXXIII, XXXIV, and XXXV).

Date: October 13, 2022

_____
Honorable Iain D. Johnston
United States District Judge